DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that granted legal custody of appellant's children Tyrone and Tymesha to a relative and permanent custody of her son Tyjuan to Lucas County Children Services Board ("LCCSB"). For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "The Trial Court Committed Prejudicial Error When it Denied The Appellant's Request That Trial Counsel Be Removed as Her Attorney of Record."
The facts that are relevant to the issues raised on appeal are as follows. On November 18, 1999, LCCSB filed a complaint in dependency, neglect and abuse as to all three children, a motion for permanent custody of Tyjuan, and a motion for shelter care hearing. A shelter care hearing was held that day and LCCSB was given temporary custody of all three children. At the time the complaint in this case was filed, appellant was incarcerated and serving a term of four to fifteen years after a conviction for attempted aggravated robbery. Appellant was originally incarcerated on July 26, 1996, but was granted "shock probation" and released in February 1997. Appellant subsequently was returned to prison after being convicted of endangering children. At the time of the shelter care hearing on November 18, 1999, an attorney was appointed for appellant while appellant was still incarcerated. An adjudicatory and dispositional hearing was scheduled for February 7, 2000. Appellant's counsel filed a motion to convey, but for reasons not clear from the record appellant was not brought to court for the hearing. The hearing proceeded as scheduled, however, after the trial court determined that the matters relating to adjudication had occurred while appellant was incarcerated. At the close of the adjudicatory phase, the trial court found Tyjuan to be a dependent, neglected and abused child, and Tymesha and Tyrone to be dependent and neglected children.
The matter proceeded to disposition but shortly after the disposition hearing began it was continued until April 18, 2000, at which time appellant was present, and appellant's counsel moved to withdraw. Counsel stated that appellant was unhappy with her representation and wanted a different attorney. Counsel stated for the record that she had two telephone conversations with appellant, in November 1999 and January 2000, and that she had written to appellant on two occasions. Counsel further stated that she had talked to all of the potential witnesses whose names appellant had provided and had issued subpoenas to those whose testimony she thought would be helpful. The trial court then asked appellant to explain in her own words why she was unhappy with her attorney. Appellant responded that she had not spoken with her attorney enough. Appellant was dissatisfied because she did not know enough about her case and what was in her best interest, and because her attorney had not told her what to do to avoid losing her children. Appellant also was unhappy that counsel did not want to call as a witness one of appellant's friends. The trial court found that appellant's counsel had prepared adequately for trial and denied the motion to withdraw. On May 19, 2000, the trial court granted legal custody of Tyrone and Tymesha to relatives and permanent custody of Tyjuan to LCCSB. Appellant appeals only that portion of the judgment granting custody of Tyjuan to LCCSB.
In her sole assignment of error, appellant asserts that the trial court erred by denying her attorney's request to withdraw. Appellant asserts, as she did in the trial court, that she and her attorney had extremely limited contact and that there was a lack of trust and communication between them. Appellant argues that the trial court should have inquired of counsel whether she wished to continue as counsel and whether she believed further consultation with appellant would benefit appellant's case.
The Supreme Court of Ohio considered a similar claim that the trial court erred by denying a defendant's request that appointed counsel be discharged in State v. Coleman (1988),37 Ohio St.3d 286. The Supreme Court stated as follows, at 292:
 "To discharge a court-appointed attorney, the defendant must show `a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.' People v. Robles (1970), 2 Cal.3d 205, 215 * * *."
Appellant has not established that such a breakdown occurred. Further, our review of the record indicates appellant's counsel was adequately prepared for trial. Appellant has failed to show how she was prejudiced by counsel's representation either before the motion was made or after and, accordingly, her sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.